IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE HURRY FAMILY REVOCABLE TRUST, ALPINE SECURITIES CORPORATION, AND SCOTTSDALE CAPITAL ADVISORS CORPORATION<br><br>Plaintiffs,<br><br>v.<br><br>CHRISTOPHER FRANKEL,<br><br>Defendant. | No. 1:19-mc-00498-AT<br><br>(M.D. Fla. Case No. 8:18-cv-02869) |

**MEMORANDUM OF LAW IN SUPPORT OF
THIRD PARTY VISION FINANCIAL MARKETS LLC'S
MOTION TO TRANSFER AND FOR EXTENSION OF TIME
TO RESPOND TO PLAINTIFFS' MOTION TO COMPEL**

Pursuant to Fed. R. Civ. P. 45(f), third party Vision Financial Markets, LLC ("Vision") respectfully requests that this Court transfer the motion to compel compliance with a third party subpoena filed by plaintiffs The Hurry Family Revocable Trust, Alpine Securities Corporation, and Scottsdale Capital Advisors ("Plaintiffs") to the U.S. District Court for the Middle District of Florida, which issued the subpoena, and where the underlying matter is pending.

**STATEMENT OF THE CASE AND RELEVANT FACTUAL BACKGROUND**

Plaintiffs filed the underlying lawsuit in the Middle District of Florida on November 21, 2018 ("Florida Litigation"). (Declaration of Jenny Chou ("Chou Decl.") Ex. A, Florida Litigation Dkt. No. 1.) Vision is not a party to the Florida Litigation.

1

Third Party Subpoena to Vision in the Florida Litigation

On June 7, 2019, Plaintiffs served Vision with a subpoena for the production of documents. The subpoena commanded production at the following place in the Southern District of New York:

> Ace Attorney Service
> 278 W. 117 Street, Suite 1-B
> New York, NY 10026

(Susman Decl. Ex. 2.)

Vision timely responded and objected to the subpoena by letter dated June 27, 2019. (Susman Decl. Ex. 3.) The defendant in the Florida case also filed a motion to quash the subpoena. (Chou Decl. Ex. A, Florida Litigation Dkt. No. 76.) On July 29, 2019, nine business days before the close of discovery in the Florida Litigation, Plaintiffs' counsel informed Vision's counsel that the parties had reached an agreement on the motion to quash, and gave Vision an amended document request. (Susman Decl. Ex. 4.) On August 8, 2019, counsel for Plaintiffs and Vision exchanged emails regarding Vision's efforts to comply with the subpoena. (Susman Decl. Ex. 5.) Discovery closed the following day, August 9, 2019. (Chou Decl. Ex. A, Florida Litigation Dkt. No. 65.)

Middle District of Florida Denies Plaintiffs' Motion to Extend Discovery

On August 12, 2019, after the close of discovery, Plaintiffs filed a motion to modify the case management and scheduling order to further extend discovery. (Chou Decl. Ex. A, Florida Litigation Dkt. No. 107.) The court denied Plaintiffs' motion on August 20, 2019. (Chou Decl. Ex. A, Florida Litigation Dkt. No. 111.) The Middle District of Florida's order read in, in relevant part:

> This is Plaintiffs' third such motion seeking a modification of the dates set forth in the Court's Case Management and Scheduling Order. The Court already extended the discovery deadline in this case to August 9, 2019, at the Plaintiffs' request (Doc. # 65). The Court has also repeatedly warned Plaintiffs that it would be disinclined

> to extend the deadlines further (Doc. ## 65, 84). Yet Plaintiffs filed this third motion to modify the Case Management and Scheduling Order on August 12, 2019, after the extended discovery deadline had passed. What's more, the Court's Case Management and Scheduling Order provides that, pursuant to Fed. R. Civ. P. 16(b) and Local Rule 3.09(a), deadlines will not be extended absent a showing of good cause. (Doc. # 29 at 5). The Court cannot discern good cause here for reopening and extending discovery. Plaintiffs were aware of Defendants' relationship with Vision Financial Markets, LLC and of Vision employee Randy Jones since at least June of 2019. (Doc. # 107 at 2; Doc. # 76-1 at 2-9). Yet Plaintiffs set the deposition of Vision and Mr. Jones for August 8, 2019, one day before the close of discovery. (Doc. # 107 at 2). As for the documents that Plaintiffs claim Defendant has failed to produce, Plaintiffs were aware of those missing documents since August 6 and/or August 7, 2019, and failed to file a motion to compel prior to the discovery deadline. (Doc. # 107 at 2-3). As the Court advised in its Case Management and Scheduling Order, "[f]ailure to complete discovery within the time established by this Order shall not constitute cause for continuance." (Doc. # 29 at 5). For these reasons, Plaintiffs' motion is due to be denied.

(*Id.*) While the court's order did not specifically reference the document request to Vision, the order made clear that discovery was closed and would not be reopened.

Contrary to Plaintiffs' representation in their memorandum of law in support of the motion to compel, Vision did not confirm on August 22, 2019 "that documents would be forthcoming the following Monday, August 26." *See* Pls.' Mem. of Law (Dkt. No. 3), at 3. Rather, on August 20, Plaintiffs' counsel sent Vision's counsel an e-mail, asking "Where are the documents?" (Susman Decl. Ex. 7.) August 20 was also the day the Middle District of Florida denied Plaintiffs' motion to extend discovery. Vision's counsel did not immediately respond, and on August 22, Plaintiffs' counsel e-mailed, "***Please respond***." (*Id.* (emphasis added).) Vision's counsel replied, "I anticipate providing ***a response*** on Monday," *i.e.*, a response to Plaintiffs' counsel's email in light of the court's order ending discovery. (*Id.* (emphasis added).) Vision's counsel did not "promise[] to deliver" documents on Monday. *Contra* Pls.' Mem. of Law (Dkt. No. 3), at 3. In any event, Plaintiffs and Defendant in the Florida Litigation filed cross-motions for summary judgment on August 23, 2019. (Chou Decl. Ex. A, Florida Litigation Dkt. Nos. 114, 118.)

3

Plaintiffs' Motion to Compel in the District of Connecticut

Approximately one month *after* moving for summary judgement in the Florida Litigation, Plaintiffs moved to compel Vision's compliance with the subpoena in the District of Connecticut. (Chou Decl. Ex. B, Connecticut Litigation Dkt. No. 1).  Just as it is doing now, Vision moved to transfer the motion to compel to the Middle District of Florida.  (Chou Decl. Ex. B, Connecticut Litigation Dkt. No. 5).  The District of Connecticut lacked jurisdiction to adjudicate the motion to compel because it was not "the court for the district where compliance is required."  Fed. R. Civ. P. 45(d)(2)(b)(i).  Although Vision could have taken the position that the District of Connecticut should deny the motion to compel outright, Vision did not want to prolong the dispute unnecessarily.  As Vision argued in the District of Connecticut:

> [T]he interests of justice and judicial economy would be better served in this case by transferring the motion to compel to the Middle District of Florida, rather than denying the motion and having Plaintiffs re-file it in the Southern District of New York *(where Vision would again move for transfer to the Middle District of Florida)*.  Apart from being designated as the place for compliance with the subpoena, the Southern District of New York has no apparent connection to the parties or the Florida Litigation.

(Chou Decl. Ex. C, Mem. of Law in Support of Vision's Mot. to Transfer, pp. 5-6 (emphasis added)).  Plaintiffs did not respond to Vision's motion to transfer, and instead dismissed their motion to compel under Rule 41(a)(1)(A), and re-filed the instant motion to compel in the Southern District of New York.[1]

---

[1] While not directly relevant for the purposes of this motion, it should be noted that two of the three Plaintiffs in the Florida Litigation, Alpine Securities Corporation and Scottsdale Capital Advisors, filed a separate lawsuit against Vision, Vision's CEO, and Vision employee Randy Jones in the District of Connecticut on September 13, 2019, *Alpine Securities Corporation v. Jones*, No. 19-cv-01425 (D. Conn.), giving rise to the question whether Plaintiffs are truly seeking discovery for the Florida Litigation, where they have already moved for summary judgment, or are seeking premature discovery for their new lawsuit against Vision.

## ARGUMENT

Although this Court, unlike the District of Connecticut, is "the court for the district where compliance is required," this Court still lacks any connection to the parties or the Florida Litigation. The Court should transfer Plaintiffs' motion to compel to the U.S. District Court for the Middle District of Florida for two related but independent reasons: (1) Vision consents to transfer to the issuing court; and (2) exceptional circumstances, including the close of discovery in the Florida Litigation, justify transfer to that court.

Vision respectfully reserves its substantive objections and defenses to the motion to compel, and requests that it be given an extension of time to respond to the motion to compel, to 14 days after the motion to compel is transferred to the Middle District of Florida or this Court otherwise rules on this motion to transfer.

**I.      Vision Consents to Transfer to the Middle District of Florida**

Under Fed. R. Civ. P. 45(a)(2), all subpoenas are issued "from the court where the action is pending," here the Middle District of Florida. If a motion to compel is necessary, the motion must be made in "the court for the district where compliance is required," here the Southern District of New York. Fed. R. Civ. P. 45(d)(2)(B)(i). However, Rule 45(f) provides that motions to compel may be transferred back to the issuing court, either "if the person subject to the subpoena consents," or "if the court finds exceptional circumstances." Fed. R. Civ. P. 45(f).

Rule 45(f) does not require the consent of the parties to the underlying litigation. As a court in this District recently observed in granting a motion to transfer under Rule 45(f), "[t]he plain language of Rule 45(f), as recited above, mentions only consent by the person subject to the subpoena." *SBA Communications Corp. v. Fractus, S.A.*, No. 19 MISC. 130 (ER), 2019 WL 4879333, at *2 (S.D.N.Y. Oct. 3, 2019).

Vision, the entity subject to the subpoena, consents to transfer here.  The motion to compel should therefore be transferred to the Middle District of Florida.  *Id.* (where "the entity subject to the subpoena [] requests that the matter be transferred . . . pursuant to the unequivocal language of Rule 45, the Court may transfer the parties' motions to the court presiding over the underlying [] litigation"); *United States ex rel. Rembert v. Bozeman Health Deaconess Hosp.*, No. 3:18-MC-5-D-BN, 2018 WL 1122246, at *4 (N.D. Tex. Mar. 1, 2018) ("Where the person subject to a subpoena consents to transfer, a party seeking transfer need not show—and the Court need not find—extraordinary circumstances under Rule 45(f).").

## II.     Exceptional Circumstances Justify Transfer to the Middle District of Florida

As noted above, Rule 45(f) also provides that motions to compel may be transferred to the court that issued the subpoena "if the court finds exceptional circumstances." Fed. R. Civ. P. 45(f). In introducing new section (f) of Rule 45 in 2013, the Advisory Committee's Note explained that "transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation." Fed. R. Civ. P. 45(f), Committee Notes on Rules – 2013 Amendment.  "In determining whether 'exceptional circumstances' exist, courts consider several factors, including the 'complexity, procedural posture, duration of pendency, and the nature of the issues pending before, or already resolved by, the issuing court in the underlying litigation.'" *Duck v. United States Sec. & Exch. Comm'n*, 317 F.R.D. 321, 324 (D.D.C. 2016) (citing cases).  In *Duck*, the District of Columbia district court transferred a motion to compel to the issuing court, where defendants' motion for summary judgment was already pending, and "a decision by [the District of Columbia district court] as to the pending Motion to Compel would create the potential for

inconsistent or conflicting rulings . . . 'disrupting the issuing court's management of the underlying litigation,'" *Duck*, 317 F.R.D. at 325 (quoting Fed. R. Civ. P. 45(f), Committee Notes).[2]

The same exceptional circumstances exist here: discovery has already closed in the Florida Litigation; the Middle District of Florida has expressly refused to extend discovery; and the parties have substantially briefed cross-motions for summary judgment. Adjudication by this Court would create a risk of rulings that are inconsistent with the Middle District of Florida's discovery and scheduling orders, and may interfere with that court's management of the litigation before it.

Courts in this District and others regularly transfer discovery motions back to the issuing court to avoid interference with the issuing court's management of the underlying litigation. *See, e.g., F.D.I.C. v. Axis Reinsurance Co.*, No. 13 MISC. 380 KPF, 2014 WL 260586, at *2 (S.D.N.Y. Jan. 23, 2014) ("considerations of judicial efficiency and comity" compelled transfer where questions about the parameters of permitted discovery were "best put" to the issuing court); *3B*

---

[2] Additional authority cited by *Duck* includes*:*

> *Fed. Home Loan Mortgage Corp. v. Deloitte & Touche LLP*, 309 F.R.D. 41, 44 (D.D.C.2015) (finding exceptional circumstances where transfer would avoid interference with a "time-sensitive discovery schedule" set in the underlying action); *In re UBS Fin. Servs., Inc. of Puerto Rico Sec. Litig.*, 113 F.Supp.3d 286, 288 (D.D.C.2015) (finding exceptional circumstances where the "case had been pending in the [issuing court] for almost three and a half years, and [the issuing court] ha[d] issued a multitude of orders resolving significant procedural and discovery disputes during that time"); *Google, Inc. v. Digital Citizens All.*, No. MC 15–00707 JEB/DAR, 2015 WL 4930979, at *3 (D.D.C. July 31, 2015) (finding exceptional circumstances where underlying case had been set at a "very rapid race" and "not transferring the subpoena-related motions carrie[d] with it the potential of interfering with the discovery timeline of the underling litigation"); *XY, LLC v. Trans Ova Genetics, L.C.*, 307 F.R.D. 10, 11–13 (D.D.C.2014) (finding exceptional circumstances where issuing court had "already supervised substantial discovery and begun preparations for trial"); *Wultz v. Bank of China, Ltd.*, 304 F.R.D. 38, 45–47 (D.D.C.2014) (finding exceptional circumstances due to the "highly complex and intricate nature of the underlying litigation").

317 F.R.D. at 324.

*Med., Inc. v. Resmed Corp.*, No. 16-CV-2050-AJB-JMA, 2016 WL 6818953, at *3 (S.D. Cal. Oct. 11, 2016) (finding exceptional circumstances warranting transfer where discovery was set to close in less than one month and the issuing court "ha[d] already ruled on discovery-related motions in this matter"); *Cadence Pharm., Inc. v. Multisorb Techs., Inc.*, No. 16MC22G, 2016 WL 4267567, at *6 (W.D.N.Y. Aug. 15, 2016) (identifying exceptional circumstances warranting transfer where discovery was due to be completed within a month; "that is the case management concern contemplated by the advisory committee for Rule 45(f), Fed. R. Civ. P. 45(f) advisory committee note to 2013 amendment"); *Gaddis v. Garrison Prop. & Cas. Co.*, No. 5:16-MC-456-DAE, 2016 WL 3081067, at *2 (W.D. Tex. May 31, 2016) ("Courts addressing the issue of exceptional circumstances have consistently found that where transfer of a motion to the issuing court "would provide for consistent outcomes, and avoid unnecessary disruption of the [issuing] court's case management," the motion to transfer should be granted.") (citing cases); *Parker Compound Bows, Inc. v. Hunter's Mfg. Co. Inc.*, No. 5:15-MC-00064, 2015 WL 7308655, at *2 (N.D. Ohio Nov. 19, 2015) (acting *sua sponte*, transferring discovery motion back to court of issuance where matter had been pending for more than a year and issuing court had "dealt with an array of discovery issues in this case already"). Even apart from Vision's consent to transfer, exceptional circumstances would similarly warrant transfer here.

### III. Vision Requests an Extension of Time to Respond to the Motion to Compel after Transfer to the Middle District of Florida

Plaintiffs served Vision with the instant motion to compel on October 30, 2019. Vision's response is therefore currently due on November 13, 2019. Because the motion to compel should be decided under the law and procedures of the court of issuance, Vision respectfully reserves its substantive objections and defenses, and requests that it be given an extension of time to respond

8

to the motion to compel, to 14 days after the motion to compel is transferred to the Middle District of Florida or this Court otherwise rules on this motion to transfer.

## **CONCLUSION**

For the foregoing reasons, Vision respectfully requests that this Court (1) transfer the motion to compel to the Middle District of Florida, and (2) extend Vision's time to respond to the motion to compel to 14 days after a decision on this motion to transfer.

<div style="padding-left: 3em;">

Respectfully Submitted,

Third Party Witness,
Vision Financial Markets, LLC

By:   */s/ Jenny R. Chou*
Jenny R. Chou
Wiggin and Dana LLP
One Century Tower
P.O. Box 1832
New Haven, CT  06508–1832
Tel: 203-498-4302
Fax: 203-782–2889
jchou@wiggin.com

*Attorney for Vision Financial Markets, LLC*

</div>

23466\8\4813-4895-5820.v1